976 F.2d 748
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Giuseppe v. CORDIOLI, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 91-3531.
 United States Court of Appeals, Federal Circuit.
 Aug. 21, 1992.
 
 Before ARCHER, MAYER and MICHEL, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Giuseppe V. Cordioli petitions for review of the February 10, 1989 Initial Decision of the Administrative Judge (AJ) in Docket No. AT04328710684-1, which became final on March 17, 1989 when the Merit Systems Protection Board (Board) denied review. The AJ sustained the Navy's removal of Mr. Cordioli from his position as a GS-11 Electronics Engineer at the Marine Corps Air Station, Cherry Point, North Carolina, because of unacceptable performance in critical element 4 of his position. Because the Navy's performance standards were not in accordance with law, we reverse.
 
 DISCUSSION
 
 2
 As an initial matter, Mr. Cordioli did not challenge the vagueness of the performance standards in his opening brief. See Fed.R.App.P. 28(a)(2). Although such an omission would usually result in a waiver of the issue, we find it appropriate here to exercise our discretion to decide that issue. Becton Dickinson & Co. v. C.R. Bard, Inc., 922 F.2d 792, 800 (Fed.Cir.1990) (Waiver of issue not raised in opening brief "is, of course, not governed by a rigid rule but may as a matter of discretion not be adhered to where circumstances indicate that it would result in basically unfair procedure.") (citations omitted). In this regard, the record shows that Mr. Cordioli did raise the vagueness issue before the AJ. Moreover, insofar as performance "standards are the foundation for any performance-based action," Eibel v. Navy, 857 F.2d 1439, 1444 (Fed.Cir.1988), the validity of those standards is fundamental to a proper disposition of an appeal of a performance-based agency action. Finally, the agency itself invites us to strike down under Eibel its performance standards for Mr. Cordioli.
 
 
 3
 In Eibel, we held that the Navy's "marginal" performance standards for two critical elements in that case were contrary to law because they failed to "set forth in objective terms the minimum level of performance which an employee must achieve to avoid, inter alia, removal." Id. at 1441. Those standards did not provide an accurate objective measurement or inform the employee of what level of performance was acceptable. Id. at 1444. Indeed, we found the standards "backwards," defining unacceptable rather than acceptable performance. Id. at 1441-42.
 
 
 4
 The same defects exist in Mr. Cordioli's marginal performance standards for critical element 4, which provides:
 
 
 5
 (1) Submitted assignemnts [sic] are less than complete, do not demonstrate initiative, resourcefulness, organization or coordination.
 
 
 6
 (2) Decisions and judgements do not reflect sound application of engineering principles, but show faulty analytical evaluations and solutions.
 
 
 7
 (3) Solutions and recommendations do not anticipate contingencies or offer alternatives.
 
 
 8
 (4) Solutions refelect [sic] common errors and limited engineering.
 
 
 9
 Joint Appendix at 95. Read literally, these standards indicate that Mr. Cordioli would be performing at the "marginal" level even if he submitted no work or improperly applied engineering principles. That, of course, cannot be. Therefore, in the words of Eibel, the standards "fall woefully short of meeting the[ ] statutory requirements." 857 F.2d at 1441.
 
 
 10
 Nor can the AJ cure the deficiencies of the standards by "extrapolating" to the unacceptable level. There is no evidence that Mr. Cordioli could have made the same inferences as the AJ. In any event, we are not aware of any authority that directs Mr. Cordioli to guess at performance standards lest he suffers the pain of removal. To the contrary, the agency is bound by statute to communicate to its employees, to the extent feasible, performance standards that allow accurate objective evaluation of performance. 5 U.S.C. §§ 4302(b)(1) & (2) (1988). Absent this statutory predicate, the agency had no basis to remove Mr. Cordioli. Being "backwards" and impermissibly vague, Mr. Cordioli's performance standards were not in accordance with law. Accordingly, we reverse the Board's decision upholding Navy's removal of Mr. Cordioli.[1] See 5 U.S.C. § 7703(c) (1988).
 
 
 
 [1]
 The Navy requests a remand to the Board for disposition consistent with Eibel. Under Eibel, however, reversal of Mr. Cordioli's removal is a foregone conclusion. We discern no reason to prolong this case, which began five years ago, with a remand order